# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

THOMAS TUCK ZARUBA,

Debtor.

Case No. J07-00100-DMD

Chapter 11

**Filed On 11/29/07**

## MEMORANDUM REGARDING 2004 EXAMINATIONS

Huna Totem Corporation (HTC) seeks to take Rule 2004 examinations of Thomas Zaruba and his accountant Michael Schmitz over two days. The debtor opposes the examinations. I will require the examinations but limit their scope and time.

Rule 2004(a) of the Federal Rules of Bankruptcy Procedure provides that a court may order the examination of any party on the motion of a party in interest. An Ohio district court considered the criteria for Rule 2004 examinations.[1] It stated:

> If the debtor challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that "good cause" exists for the taking of the examination. Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests . . .
>
> After determining that Rule 2004 examination is necessary for the protection of the examiner's legitimate interests, the bankruptcy court must balance the examiner's interests against the debtor's interest in avoiding the cost and burden of disclosure. The debtor's interest

---

[1] *Bank One v. Hammond (In re Hammond)*, 140 B.R. 197 (S.D. Ohio 1992).

> may in some cases warrant a limitation of the scope of the proposed examination. In rare cases, the debtor's interest may so greatly outweigh those of the examiner that the examination should be quashed.
>
> A debtor may also avoid a Rule 2004 examination by establishing that the examination is being sought for "purposes of abuse or harassment."[2]

The court concluded that the bankruptcy court did not err in granting a credit card issuer's motion for a 2004 examination of the debtor.

HTC has established good cause for the taking of the examinations. Such examinations are reasonably necessary for the protection of HTC's legitimate interests in the chapter 11 process. In my view, reasonable questioning of the debtor with regard to the disclosure statement and proposed plan must be permitted. HTC is entitled to a face to face examination of the debtor and his accountant without filtering or spin from the debtor's attorney. But a limitation on the scope of the time and scope of the examinations is also appropriate.

This is a $400,000.00 case with a lengthy and contentious history. HTC has already deposed Thomas Zaruba at length early in the case. There is no legitimate reason or need for a full day deposition of him now. Nor is there need for a full day deposition of Mr. Schmitz. To allow such lengthy depositions at this stage of the proceedings would be unduly burdensome and prejudicial to the debtor. Alaska Airlines has a scheduled flight for December 5, 2007, from Anchorage to Juneau that arrives at 10:00 a.m.[3] The examination

---

[2]*Id.* at 201 (citations omitted).

[3]A copy of the flight information is attached.

2

of Mr. Zaruba can begin at 11:00 a.m. and continue to 3:00 p.m. Mr. Schmitz's deposition can begin at 3:15 p.m. and conclude by 6:15 p.m. This schedule will allow Mr. Christianson to return to Anchorage on the 8:15 p.m. flight. It will give HTC more than adequate time to complete its 2004 examinations. If the parties can agree on a different schedule, they can submit a stipulated order to that effect.

HTC's first two inquiries regarding the scope of the debtor's examination relate to his knowledge of valuations in the disclosure statement and the overall feasibility of his plan. I have no problem with them. HTC's third and fourth areas of "scope" are misguided and inappropriate for use in a 2004 examination. They will not be included in the examination subpoenas.

With regard to documents to be produced, item one concerned tax returns. The debtor did not produce three tax returns. He has produced one and it was incomplete. The debtor should produce full copies of all returns and provide his and the accountant's work papers to HTC.

In a number of responses to HTC's "Documents to be Produced" (2, 3, 6 and 7), Zaruba's attorney indicates there are either no documents that can be produced or that the documents have previously been produced. HTC is entitled to inquire regarding the documents and obtain Zaruba's sworn testimony. It does not have to rely on his attorney's pleadings.

Zaruba objects to production demands 4 and 5 as being "over broad fishing expeditions." I disagree. HTC is entitled to know whether this debtor has made written deals

3

with other creditors regarding the plan of reorganization.  HTC is also entitled to the debtor's depreciation schedules from 2003 forward to assess feasibility of the plan.

Production demand 8 seeks claims classification documentation.  This demand is inappropriate and will not be included in the subpoenas.

DATED: November 29, 2007.

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve:      C. Christianson, Esq.
            D. Bruce, Esq.
            D. Schiffrin, Esq.
            U. S. Trustee
            11/29/2007 rb